# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

LEON G. MARTIN, JR.,

    Petitioner,        Case Number: 07-CV-10335

v.                Honorable John Corbett O'Meara

HAROLD WHITE,

    Respondent.
_____/

## OPINION AND ORDER GRANTING RESPONDENT'S
## MOTION TO DISMISS PETITIONER'S PETITION AS MOOT

Petitioner Leon Martin has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, alleging that he is incarcerated in violation of his constitutional rights. Before the Court is Respondent's "Motion to Dismiss Petition as Moot."

Petitioner filed the present petition on January 22, 2007, challenging the Michigan Parole Board's denial of his parole. Petitioner raised the following two claims in his petition:

  I.  Petitioner was denied the due process and the equal protection of law when Respondents did not treat Petitioner as other similarly situated individuals in violation of Petitioner's US Constitutional Amendment V and XIV rights.

  II.  Petitioner was denied as a member of "class of one" where Respondents have intentionally treated Petitioner different from other similarly situated persons with no rational basis for the difference, deliberately motivated by Respondents invidious discrimination animus toward Petitioner due to Respondent's spiteful efforts to get Petitioner by denying Petitioner's equal protection of law (Grant of Parole) for

> reasons wholly unrelated to any legitimate state objective in violation of Petitioner's US Constitutional Amendment XIV rights.

Petitioner pleaded *nolo contendere* in Muskegon County Circuit Court to two counts of armed robbery on January 11, 2000. He was sentenced to two concurrent terms of six to thirty-five years imprisonment for each armed robbery conviction. On March 9, 2006, the Michigan Parole Board denied Petitioner parole. He then filed the pending petition alleging the above-stated issues. Since then, on June 5, 2007, Petitioner has been released on parole.

When a Petitioner challenges a parole revocation but has completed the sentence imposed upon that revocation, his challenge to that revocation is moot unless he can demonstrate the existence of actual collateral consequences resulting from the revocation. *Spencer v. Kemna*, 523 U.S. 1, 7-14 (1998). It follows that, when a petitioner challenges a parole denial, but has subsequently been granted parole, his challenge to the earlier denial is moot unless he can show the existence of actual collateral consequences from the earlier denial. *See Moser v. Phillips*, 2002 US Dist LEXIS 8913 (E.D. Mich. April 30, 2002).

The mootness doctrine dictates that this petition be dismissed. The mootness doctrine holds that "[A] case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Powell v. McCormack*, 395 U.S. 486, 496 (1969).

Against that backdrop, the Court grants Respondent's motion to dismiss the petition.

**SO ORDERED**.

                                          s/John Corbett O'Meara
                                          United States District Judge

Dated: September 10, 2007

I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, September 10, 2007, by electronic and/or ordinary mail.

                                             s/William Barkholz
                                             Case Manager